## Patrick Riley v. The American Steel & Wire Company.

### Gen. No. 4,575.

1. EXPERT TESTIMONY—*when not competent.* Expert testimony is incompetent whenever the subject-matter of the inquiry is of such a character that it may be presumed to lie within the experience of all men of common education moving in the ordinary walks of life.

2. EXPERT TESTIMONY—*particular instance in which not competent.* Where a witness has described a shovel and the condition of the floor upon which it was in use, it is not competent for him to give his opinion as an expert or otherwise of the consequences of the use of such shovel upon such floor.

3. PEREMPTORY INSTRUCTION—*when giving of, proper.* Where the evidence with all the inferences that can be reasonably drawn therefrom is insufficient to warrant a verdict in favor of the plaintiff, a peremptory instruction for the defendant is proper.

4. ASSUMED RISK—*what is.* By entering upon and continuing in an employment a servant assumes those risks which are apparent, open and ordinary, and no negligence can be charged against his master for a failure to remove them.

5. ASSUMED RISK—*when promise of master does not relieve servant from doctrine of.* The promise of a master to furnish a servant with a new implement with which to perform his work, does not justify the servant in continuing in the use of the old implement where such implement applies to ordinary labor, such as a shovel.

Action in case for personal injuries. Error to the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

CLIFFE & CLIFFE and HARVEY A. JONES, for plaintiff in error.

CARNES, DUNTON & FAISSLER, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by plaintiff

in error, Patrick Riley, in the Circuit Court of DeKalb county against the defendant in error, The American Steel & Wire Company, to recover damages for personal injuries alleged to have been sustained by Riley while employed as a fireman on the defendant's boilers at the Superior shop at DeKalb. The declaration as amended contained two counts. The first amended count averred that the defendant, disregarding its duty, carelessly and recklessly provided the plaintiff with an unsuitable, unfit and improper shovel to handle coal, with a promise to furnish him with a suitable one later, but disregarded its promise. The second amended count averred that defendant, disregarding its duty, permitted the floor of the room in which plaintiff was employed to become uneven, unsuitable and obstructed. Each count alleged that while plaintiff was in the act of shoveling coal, the point of his shovel came into contact with an obstruction on the floor of the boiler room, throwing him forward against the blade of the shovel, thereby injuring his leg between the knee and the ankle, without his fault. The defendant pleaded not guilty. At the close of plaintiff's evidence, the court, on motion of defendant, directed a verdict for the defendant, and such a verdict was rendered. A motion by plaintiff for a new trial was denied. Defendant had judgment for costs. Plaintiff sued out this writ of error to review said judgment.

The evidence bearing on defendant's liability, briefly stated, is as follows: On June 6, 1901, the date of plaintiff's injury, and prior thereto, the defendant owned and operated a manufacturing plant at DeKalb, Illinois. Plaintiff was forty-five years of age and of at least ordinary intelligence, and had been employed as fireman for the defendant's boilers upwards of six months, when the injury complained of happened. His duties were to shovel coal into the furnaces of the boilers. The coal was deposited on the boiler room floor about five feet from the front door of the boilers.

The boilers were operated day and night, and the furnaces consumed between eighty and ninety tons of coal in twenty-four hours, shoveled by two shifts of two men each. The boilers were set on the boiler room floor, which was paved with brick placed on edge on a sand or gravel bed, without cement. From the pressure of the coal or other cause bricks of the floor sometimes raised above the common level, and it was against a brick raised above the common surface of the floor that plaintiff testified he struck his shovel, thereby throwing him forward upon the edge of his shovel and injuring his leg betwen the knee and ankle. Plaintiff testified that he had often seen the bricks raised above the surface of the floor, and had tamped or hammered them back into place, and two or three months before the injury complained of happened he had struck his shovel against a brick raised an inch above the surface of the floor and received a slight scratch on the leg. About fifteen or twenty minutes before the injury, the foreman of defendant's machine shop handed plaintiff a shovel larger than firemen ordinarily use to shovel the coal and promised to furnish him with a suitable one later. The kind ordinarily used for this work by plaintiff was twelve or thirteen inches wide and about sixteen inches long. The shovel supplied was about fifteen inches wide and about eighteen inches long, and while using this shovel the accident happened as described above.

On the trial plaintiff sought to support his theory of the case by asking the witness Michael Keenan, a fireman in defendant's employ and at times one of the plaintiff's shift, certain questions calling for his opinion, as an expert, as to whether the shovel and the floor in question were safe, suitable and proper. The testimony was objected to by defendant, which objection the court sustained, and the plaintiff now assigns that ruling as error. We do not think the point well taken, for the reason that whenever the subject-matter

of inquiry is of such a character that it may be presumed to lie within the experience of all men of common education moving in the ordinary walks of life, the rule is that the opinions of experts are inadmissible, as the jury are supposed in all such matters to be entirely competent to draw the necessary inferences from the facts testified to by the witnesses. Illinois Central R. R. Co. v. Smith, 208 Ill. 608, 612. Neither did the subject-matter involve art, science or particular experience, and though the answer might have been given in the form of an opinion, the question in reality called for the very facts the jury were to determine, and to have permitted the witness to testify would have allowed him to usurp the province of the jury, which all the authorities agree is not permissible. The witnesses described the shovel and the condition of the floor, and the consequences of the use of the shovel upon the floor could be determined as well by the jury from their own experience and common knowledge as from opinions expressed by an expert.

Where the evidence with all the inferences that can be reasonably drawn therefrom is insufficient to warrant a verdict, the direction of the verdict is proper. It is contended by plaintiff in error, that the raising of the brick above the surface of the floor rendered the boiler room an unfit and improper place for the performance of his work, and therefore the defendant is liable. Plaintiff had worked there for several months and was entirely familiar with the construction of the floor and the make-up of the boiler room and knew what was liable to happen to the floor by the constant shoveling of the coal thereon, and was perfectly familiar with the situation, for it was the same at the time of his injury as when he entered the employ of the defendant. He impliedly contracted, therefore, not only to work under the conditions as they existed, but also to assume the risk. There is no question but that the plaintiff in error knew of the alleged defect in the construction of

the floor, by his continuous shoveling there and having been once before slightly injured in the same manner. By entering upon and continuing in the employment plaintiff assumed these apparent, open and ordinary risks, and no negligence can be charged against the master for failure to remove them  International Packing Co. v. Kretowicz, 119 Ill. App. 488-492.  Plaintiff seeks to take his case out of this rule of law by relying upon the express promise of the defendant to furnish him with a suitable shovel.  The cases of Bowen v. Chicago & Northwestern R. R. Co., 117 Ill. App. 9, 17, and Webster Manf. Co. v. Nisbett, 205 Ill. 237, 277, dispose of this contention, for the courts there held: "While such direction and promise by the master will in many cases excuse the person injured by its use from assuming the risk incident to his employment, yet that rule is designed for the benefit of those engaged in work where machinery is used of which the employe has little knowledge.  It does not apply to ordinary labor, which only requires the use of implements with which the employe is entirely familiar."  In such case the fact that the employe asks for or is promised another implement does not render the master liable if an accident occurs.  The work in this case was ordinary labor, and no implement could be simpler than the shovel, and plaintiff therefore assumed the risk as one of the hazards incident to his employment.

It will be unnecessary for us to consider the other questions raised and argued.  We are of the opinion that the proof did not fairly tend to make a cause for plaintiff and that the court properly directed a verdict for defendant.

The judgment is affirmed.

*Affirmed.*