574 APPELLATE COURTS OF ILLINOIS.

Buaso v. Wells Bros. Co., 167 Ill. App. 574.

# Leon D. Buaso, Defendant in Error, v. Wells Bros. Company, Plaintiff in Error.

## Gen. No. 16,150.

1. MASTER AND SERVANT—*what essential to recovery by latter.* Before a servant can recover against the master for a failure to provide him with a reasonably safe place in which to work, or with reasonably safe appliances with which to work, he must prove that the defect complained of existed, that the master had notice thereof, or might have had by the exercise of ordinary care, and that the employe did not know of the defect and had not an equal means of knowledge with the master.

2. MASTER AND SERVANT—*when duty of inspection does not exist.* The duty of inspection by the master of appliances used by his servants does not extend to small and common tools in everyday use, of the fitness

of which the servants using them may be reasonably supposed to be competent judges.

3. MASTER AND SERVANT—*when doctrine of assumed risk applies.* The servant assumes the risks of injuries from simple and ordinary appliances and methods, the nature of which he understands, or which is easily understood.

Error to the Municipal Court of Chicago; the HON. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of fact. Opinion filed February 21, 1912.

F. J. CANTY, for plaintiff in error; R. J. FOLONIE and R. P. GARRETT, of counsel.

MORRIS LOEFF and E. M. SEYMOUR, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Judgment was rendered in the court below for $100 in favor of Leon D. Buaso against Wells Brothers Company, plaintiff in error, for personal injuries sustained by reason of the head of a sledge-hammer, which was being swung by another laborer, flying off the handle and striking appellee on the arm. Feb. 3, 1909, defendant in error and a fellow servant, Joseph Deoro, were employed by plaintiff in error in the destruction of certain concrete used in the erection of the Commonwealth Edison Building in Chicago. The work was being done by three shifts of men of eight hours each, defendant in error starting to work about midnight. The tools with which the work was done, including the sledge-hammer in question, were left on the work by the gang of men preceding the gang of defendant in error. Defendant in error was holding a wedge or chisel that was being struck with the sledge by Deoro, and without warning the sledge flew off the handle and struck defendant in error on the arm and

576     Appellate Courts of Illinois.

Buaso v. Wells Bros. Co., 167 Ill. App. 574.

injured him. This writ of error is prosecuted to reverse the judgment of the Municipal Court.

There are two well grounded reasons urged by plaintiff in error for the reversal of the judgment:

*First.* No evidence was introduced tending to show any defect in the hammer or in the handle of the same, and there was no evidence showing knowledge of plaintiff in error that said hammer was likely to come off, or that by the exercise of ordinary care it would have had such knowledge. The evidence is simply to the effect that the hammer came off while being so wielded by Deoro and struck Buaso on the arm and injured him; that the hammer was left on the work by the previous shift of men, and that the hammer had never been known to come off prior to this time.

Before an employe can recover against the master for a failure to provide him with a reasonably safe place in which to work, or with reasonably safe appliances with which to work, he must prove that the defect complained of existed, that the master had notice thereof or might have had by the exercise of ordinary care, and that the employe did not know of the defect and had not an equal means of knowledge with the master. L. E. & W. Ry. Co. v. Wilson, 189 Ill. 89; The Diamond Glue Co. v. Wietzychowski, 227 Ill. 338.

It is suggested by defendant in error that the plaintiff in error was in duty bound to inspect the hammer and that an inspection would have revealed the danger. The evidence does not show any defect, nor that an inspection would have revealed the danger. Besides, the duty of inspection by an employer, of the appliances used by his employes, does not extend to the small and common tools in every-day use, such as a hammer, a hoe, an ax, etc., of the fitness of which the employes using them may be reasonably supposed to be competent judges. Wachsmuth v. Shaw Electric C. Co., 118 Mich. 275.

*Second.* An employe assumes the risks of injuries

from simple and ordinary appliances and methods, the nature of which he understands, or which is easily understood. Sims v. East, etc., Ry. Co., 84 Ga. 152; Henggler v. Cohn, 68 N. J. L. 240; Plunkett v. Donovan, 36 N. Y. St. Rep. 91; Olsen v. Doherty L. Co., 102 Wis. 264; Webster Mfg. Co. v. Nisbett, 205 Ill. 273; Riley v. Am. S. & W. Co., 129 Ill. App. 123, 127.

Defendant in error had used the sledge-hammer frequently himself, was apparently familiar with it and all parts of the work being done which was of the simplest kind. No case was proved by the defendant in error, and a verdict of not guilty should have been directed.

The judgment is reversed.

*Judgment reversed with finding of fact.*

Finding of fact to be incorporated in the judgment:

We find as an ultimate fact, that the plaintiff in error is not guilty of the negligence charged against it by defendant in error.