O'HARA v. BROWN HOISTING MACH. CO.

(Circuit Court of Appeals, Third Circuit. May 4, 1909.)

No. 13.

1. MASTER AND SERVANT (§ 101*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —DEFECTIVE TOOLS.

A mere imperfection in a tool furnished by a master for the use of his servants, by reason of which bodily injury results to a servant, does not necessarily import actionable negligence on the part of the master, the extent of whose obligation is to exercise reasonable care to provide reasonably safe tools.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171–174, 180–184, 192; Dec. Dig. § 101.*]

2. MASTER AND SERVANT (§ 125*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —DEFECTIVE TOOL.

Plaintiff, employed by defendant as an iron worker, while holding a chisel which was being struck by another employé with a sledge, was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struck in the eye and injured by a fragment which broke from the face of the sledge. The sledge was purchased from a manufacturer of high standing and was not known to be defective, nor did it appear that there was any defect therein which could have been discovered by a reasonable inspection. *Held*, that such facts did not establish any negligence on the part of defendant which rendered it liable for the injury, which must be regarded as the result of an accident without culpable negligence on the part of any one.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–246; Dec. Dig. § 125.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

T. Mercer Morton, for plaintiff in error.
David Reed, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. In this case John O'Hara seeks by writ of error to reverse a judgment rendered against him by the Circuit Court of the United States for the Western District of Pennsylvania, in an action of trespass brought by him against the Brown Hoisting Machine Company, hereinafter referred to as the defendant. The judgment was entered on a verdict for the defendant returned by direction of the court and the substantial question raised by the assignments of error is whether the court erred in directing under the pleadings and evidence such verdict. O'Hara in his statement of claim, among other things, alleged as follows:

"The plaintiff on and prior to the 20th of November, 1906, was in the employ of the defendant as a structural iron worker, and on the date aforesaid, while attending to, and in the course of his duties as such employé, he was holding a certain steel cutter, or chisel, on a certain iron, or steel, rivet, while another employé of the defendant, in the performance of his duty, struck said cutter, or chisel, with a sledge of iron and steel weighing about eight pounds, when, by reason of said sledge being a defective, improper and dangerous tool, a piece of steel from off the face or surface of same, struck, penetrated and became imbedded in plaintiff's left eye, injuring it to such an extent that it was destroyed and had to be taken out. Plaintiff avers that the said injury was caused through the negligence and carelessness of the defendant aforesaid, not regarding its duty in that behalf, in failing to provide its employés safe and proper tools for the doing of their said work, viz.: in failing to provide said employé, using said sledge, with a good, perfect, safe and proper sledge with which to strike said cutter in the hands of the plaintiff; but, on the contrary, the same was so caused by reason of defendant furnishing said employé using said sledge with a tool which was dangerous, defective, cracked and improper, without the knowledge or consent of the plaintiff as to the condition of the same. And the plaintiff avers that the defendant well knew, or on the exercise of such reasonable care as it was its duty to exercise in the premises, should have ascertained, and known, of the defective and dangerous condition of said sledge."

That the plaintiff lost an eye through its penetration by a minute piece of steel detached from the face of the sledge or maul when, in the hands of another workman, it struck a chisel held by the plaintiff, is beyond doubt. No element of contributory negligence on the part of the plaintiff, or of negligence on the part of his fellow-servant who

used the sledge, is presented in the case. The only substantial question with which we have to deal is whether the defendant was guilty of actionable negligence in not ascertaining the imperfection in the sledge and preventing its use before the occurrence of the accident. A mere imperfection in an implement or tool furnished by a master by reason of which bodily injury results to his servant does not necessarily import actionable negligence on the part of the former. One of the duties of a master is to exercise reasonable care and circumspection to provide reasonably safe tools and implements to be used by his servants, and he owes this duty not only to those of his servants who are to use them, but equally to other servants in close proximity to those by whom they are to be used. But the master is not an insurer either of the absolute safety or reasonable safety of tools furnished by him. The extent of the obligation resting on him in this connection is to exercise reasonable care and circumspection to provide reasonably safe tools and when he has done this he has fully performed his duty and cannot be held liable for the consequences of any undiscovered defects or imperfections in them. It appears from the evidence that the sledge in question, together with many others, was obtained by the defendant from a tool manufacturing company of high standing, and there is nothing to indicate that when purchased it was not in all respects sound and perfect. It fairly may be inferred that whatever defect existed in it immediately before the accident was the result of use or wear. So far as a master is under an obligation to mend or repair tools his duty is to exercise reasonable care to keep them in reasonably safe and proper condition, and this duty is primarily that of the master, and is not discharged or affected by the selection or appointment of any particular person or persons to make or supervise such mending or repairing; the negligence of such person or persons in such case being the negligence of the master, and not merely that of a fellow-servant or fellow-servants for the consequences of which the master enjoys immunity. The cases have established a limitation on the duty of the master to inspect tools and implements used by his servants and to mend or repair the same with reasonable care. A distinction is drawn between common and ordinary tools used by ordinary workmen, who by the nature of their employment may fairly be considered competent to ascertain and remedy their defects resulting from use and wear, and tools of special construction which for their maintenance in safe and proper condition require the attention of men skilled in the inspection and repair of similar appliances. To fasten on the master the duty of inspection with respect to such common and ordinary tools would place an undue and frequently insupportable burden on his shoulders, unreasonable to require and forbidden by the exigencies of business. The master is entitled to rely on the presumption that servants using such tools will seasonably discover defects of which the master has no knowledge or notice. But with respect to tools of special construction requiring skilled and special knowledge for their proper maintenance the duty of inspection and examination cannot be shifted from the master to the servant, and the former will be held liable for injuries resulting from an omission of reasonable care in that regard. In this case there was much

discussion between counsel over the question whether the sledge used at the time of the plaintiff's injury was a common and ordinary tool not requiring inspection by the defendant, or a tool of special construction requiring such inspection. In view of the evidence we do not regard this contention as material. There is absolutely no proof showing or tending to show that the defendant, or any of its officers, agents or employés, had prior to the accident any knowledge, intimation or suspicion that the sledge was in any respect unsafe or defective. If it be considered a common and ordinary tool there was, therefore, no liability on the part of the defendant for the accident. On the other hand, if regarded as a tool of special construction, requiring inspection and examination with reasonable care by the defendant, through the custodian of its tools and implements, or any of its other servants or agents, we are equally unable to perceive any ground on which the defendant can be held liable. On the latter hypothesis the defendant was bound to an exercise of only reasonable care. It owed no duty to exercise extreme care or make a microscopic examination of the face of the sledge. Whatever crack or fracture it contained prior to the accident was so minute as not to be calculated to disclose itself to the eye of one either using it or looking at it with only ordinary attention. The sledge had been used before and nothing had occurred to suggest that it was in any respect unsound or dangerous. Under the circumstances the defendant cannot, we think, be held liable without requiring of it more than the law demands or would justify. The lamentable bodily injury suffered by the plaintiff must be regarded as the result of an accident without culpable negligence on the part of any one. The law unfortunately can afford him no reparation. The judgment of the court below, therefore, must be affirmed with costs, and it is so ordered.