AMERICAN CAR AND FOUNDRY COMPANY *v.* FESS.

[No. 7,668.    Filed March 26, 1913.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Tools.—Duty of Inspection.*—The master does not owe the duty of inspecting a hand tool while it is in the exclusive control and custody of his servant, where such tool is so simply constructed that a defect therein may be discovered without special skill or knowledge and

without intricate inspection, nor is he chargeable with notice of any defect that could have been discovered had he made an inspection.    p. 138.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Negligence of Fellow Servant.*—Where plaintiff was working with another employe who was using a hand hammer, weighing about two and one-half pounds, which had been furnished by defendant about two weeks before the injury and had been in the control of the user during that time, the plaintiff's injury, caused by the hammer flying from the handle and striking him, must be attributed solely to the negligence of a fellow servant, under a showing that defendant maintained a tool room, with men in charge whose business it was to repair tools which were returned as defective, and to which all employes were instructed to return all defective tools, and in the absence of evidence to show that the hammer was defective when delivered to the user, or that defendant had any knowledge that it had become defective.    p. 139.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Liability.*—A master cannot be held to respond in damages for injuries to his servant in the absence of a showing that the master violated a legal duty.    p. 139.

From Floyd Circuit Court; *Joseph H. Shea,* Special Judge.

Action by Thomas L. Fees against the American Car and Foundry Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*M. Z. Stannard* and *Jonas G. Howard, Jr.,* for appellant.

*George H. Hester* and *Stotsenburg & Weathers,* for appellee.

LAIRY, J.—Appellee in this case recovered a judgment in the trial court for damages on account of personal injuries. The facts disclosed by the evidence show that appellee was employed by appellant to work in its car shops, and that at the time of his injury he was engaged with two fellow workmen in fastening rivets in the steel frame of a car which was in process of construction. It was the work of appellee to hold an iron bar known as a "dolly" against the heated rivet while it was hammered into place by another member of the gang called a "riveter," who used for that purpose

an air gun or hand hammer. The third member of the gang was a boy known as a "pick up boy" who heated the rivets and placed them in position. At the time the injury to appellee occurred, the riveter was using a hand hammer weighing about two and one-half pounds, with a handle about twenty-two inches in length. This hammer was loose upon the handle, and while the riveter was using it, suddenly left the handle and struck the plaintiff inflicting the injury of which he complains.

Appellant maintained a tool room in connection with its factory where it kept on hand a supply of hammers, hammer handles and such other tools and parts of tools as were required for use in the factory. It kept on duty in this tool room men whose business it was to repair tools which were returned as defective, and the employes in the factory were instructed to return all tools which became defective while in use to this tool room. When this was done the tool was repaired or another furnished in its place. The hammer which was in the hands of the riveter at the time the injury occurred, had been furnished to him from the tool room about two or three weeks before, and had remained in his possession until the time of the accident. When not in use it was placed in a tool box or locker which was under the control of the men who worked in this gang. There is no evidence tending to show that the tool was defective at the time of its delivery to the riveter by the appellant, and none tending to show that appellant had any actual knowledge that it had become defective by use or otherwise while in the possession of the riveter. The hammer was a hand tool of such simple construction that the defect which caused the injury could have been discovered without special skill or knowledge and without intricate inspection.

1. The master does not owe the duty of inspecting tools of this character while they are in the exclusive control and custody of his servants. He can not, therefore, be held to have notice of all of such defects as

would have been discovered by such inspection. If he had actual notice of the defect he might be held liable for an injury to a servant who had not assumed the risk, but he cannot be held liable to any of his servants upon constructive notice, for the reason that he is not negligent in failing to inspect under such circumstances. Under the showing made in this case the injury to appellee was caused solely by and through the negligence of a fellow servant. The master was not shown to have violated any legal duty and for that reason he cannot be held to respond in damages. The questions presented in this case, are fully considered in the case of the *American Car, etc., Co.* v. *Nachand* (1911), 47 Ind. App. 204, 93 N. E. 1083, to which reference is made for a more extended discussion. .

The trial court permitted a recovery upon the theory that appellant owed the duty to inspect the hammer while it was in the exclusive possession and control of the servant, and that he was chargeable with knowledge of such defects as would have been disclosed by such inspection. This appears from several of the instructions given, and also by the ruling of the court in refusing to give certain instructions tendered by appellant. For errors thus appearing a new trial should have been granted. Other questions presented need not be considered as they are not likely to arise upon a retrial of the case. Judgment reversed, with directions to grant a new trial.

Shea, J., not participating.

NOTE.—Reported in 101 N. E. 318. See, also, under (1) 26 Cyc. 1138; (2) 26 Cyc. 1276, 1332; (3) 26 Cyc. 1080. As to the extent of duty imposed on master in respect of tools furnished servant to work with, see note to *Brazil Block Coal Co.* v. *Gibson* (Ind.) 98 Am. St. 290; 1 L. R. A. (N. S.) 944. On the question of the liability of a master for injury from defect in simple tool, see 40 L. R. A. (N. S.) 832; 7 Ann. Cas. 342; Ann. Cas. 1912 A 1004.