# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SOUTHERN RAILWAY CO. V. BURFORD.

November 16, 1916.

Absent, Whittle, J.

1. MASTER AND SERVANT—*Simple Tools—Inspection—Repairs.*—The master is under no obligation to his servant to inspect, during their use, those common tools and appliances with which every one is conversant, nor to repair defects arising in the daily use of such appliances.
2. MASTER AND SERVANT—*Assumption of Risk—Obvious Dangers.*— A servant assumes the risk of open and obvious dangers of which he has knowledge, or where his opportunity for knowledge is so complete as to leave no room for doubt that he either knew or ought to have known all about them.

Error to a judgment of the Circuit Court of Amherst county in an action of trespass on the case. Judgment for. the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Coleman, Easley & Coleman* and *Robert B. Tunstall,* for the plaintiff in error.

*Wm. Kinckle Allen,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by John Burford against the Southern Railway Company to recover damages for personal injuries alleged to have been caused by the negligence

of the defendant company. There was a demurrer to the evidence, which was overruled by the lower court and judgment given in favor of the plaintiff for $1,000, the damages assessed by the jury in the event the court should consider the plaintiff entitled to recover. This judgment is brought under review by the present writ of error.

The salient facts of the case are very few and simple. It appears that the plaintiff was one of three section hands who were engaged in cutting in two a steel rail with a cold chisel. One of the plaintiff's coemployees was holding the chisel by the handle and the other was striking the chisel with a sledge hammer, while the plaintiff, a few feet from these two, was holding the rail and turning it when told to do so. The head of the chisel, from constant blows, was battered, with little frazzles sticking off the edge. In the progress of this operation a sliver of steel penetrated the plaintiff's eye and put it out. It is not shown with absolute certainty where the particle of steel came from; the only reasonable inference from the evidence is that it came from the head of the chisel. In our view of this case, however, it is immaterial whether the sliver of steel came from the head of the chisel or, as suggested, from the rail that was being cut and in consequence of the defective condition of the blade of the chisel. The same result would follow in either event.

These men were engaged in a very ordinary and simple operation, with simple tools, that required, in the use, no experience or skill. The part taken by the plaintiff in the work was so simple that any child with sufficient strength could have held the rail and turned it when told. The battered condition of the head of the chisel was open and obvious. It was a condition that resulted from its use and was necessarily better known to those who used it than to the master. It is well settled that the employer is under no obligation to his servants to inspect, during their use, those common tools and appliances with which every one is con-

versant; and that it is not the master's duty to repair defects arising in the daily use of such appliances.

In *C. & O. Ry. Co.* v. *Sparrow,* 98 Va. 630, 37 S. E. 302, this court, quoting with approval from an Indiana case, says: "In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery is used and no materials are furnished, the use of which requires the exercise of great care and skill, it can be scarcely claimed that a defective instrument or tool furnished by the master, of which the employee has full knowledge and comprehension, can be regarded as making out a case of liability. within the rule laid down. A common laborer, who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment, and who uses the ordinary tool employed in such work, to which he is accustomed, and in regard to which he has complete knowledge, cannot be said to have a claim against his employer for negligence, if, in using a utensil which he knows to be defective, he is accidentally injured.

"In such case, it does not rest with the servant to say that the master has superior knowledge, and has thereby imposed upon him. He fully understood that the spade, the axe, the hoe, or the ladder, the instrument which he used, was not perfect, and if he was thereby injured, it was by reason of his own fault and negligence. The fact that he notified the master of the defect and asked for another implement, and the master promised to furnish it, in such a case, does not render the master responsible if an accident occurred. A rule imposing a liability under such circumstances would be far-reaching in its consequences, and would extend the rule of *respondeat superior* to many of the vocations in life for which it was never intended. It is a just and salutary rule, designed for the benefit of employees engaged in work where machinery and materials are used

of which they can have little knowledge, and not for those engaged in ordinary labor, which only requires the use of implements with which they are entirely familiar."

This court further proceeding says.: "The limitation of the application of the general rule, as applied in those cases, is consonant with common sense, reason and justice, and is not in conflict with any case decided by this court."

In *Southern Railway Co.* v. *Snow,* 117 Va. 627, 85 S. E. 488, it is said: "The general rule is that an employer is charged with the duty of making such reasonable inspection as may be necessary to discover defects; but it is well settled that a master is under no obligation to his servants to inspect during their use those common tools and appliances with which everyone is conversant, nor is it the master's duty to repair defects arising in the daily use of those simple appliances."

The just and reasonable rule announced by these two decisions, known as the simple tool doctrine, is established by the weight of American authority. *Martin* v. *Highland Park Mfg. Co.* 28 N. C. 264, 38 S. E. 876, 83 Am. St. Rep. 671; *Wachsmuth* v. *Shaw Electric Co.* 118 Mich. 275, 76 N. W. 497; *Herricks* v. *Chicago R. Co.* 257 Ill. 264, 100 N. E. 897; *American Car Co.* v. *Fess,* 53 Ind. App. 136, 101 N. E. 318; *Golden* v. *Ellis,* 104 Me. 177, 71 Atl. 649; *O'Hara* v. *Brown Hoisting Machine Co.,* 96 C. C. A. 350, 171 Fed. 394; *Koschman* v. *Ash,* 98   Minn. 312, 116 Am. St. Rep 373, 108 N. W. 514; 26 Cyc. 1136-7-8; and many others that might be cited. These cases clearly show how well established is the doctrine here invoked.

The plaintiff says that he did not see the chisel that was being used to cut the rail, and, therefore, did not know its condition. In view of the positions of these three men at the time of the accident, this statement is scarcely credible. It is, however, immaterial whether he saw it or not; there is no question that he could have seen it by a mere glance

if he had looked. Having the opportunity to see and know, he assumed the risk of those dangers incident to his employment which were open and obvious, and cannot excuse himself by failure to look and to see. The plaintiff had, to say the least, equal means with the master of knowing the condition of the chisel, and that condition could have been discovered without special skill or knowledge.

In *Clinchfield Coal Corporation* v. *Cruise,* 117 Va. 645, 80 S. E. 135, it is said: "Whether an employee has assumed the risk of dangers incident to his employment may be and often is a question for the jury, but not where, as here, the alleged causes of the dangers are so open and obvious and the knowledge, *or opportunity for knowledge,* on the part of the employee so complete as to leave no doubt that he knew or ought to have known all about them. In such a case the assumption of the risk, as a question of law, bars recovery and is not a question for the jury."

In the light of reason and the authorities cited, we are of opinion that the defendant company is under no liability to the plaintiff for the injury sustained by him growing out of the accident mentioned herein. The judgment complained of must, therefore, be reversed, and this court will enter such judgment as the circuit court ought to have entered, sustaining the demurrer to the evidence and dismissing the plaintiff's case with costs.

*Reversed.*