## MARTIN v. HIGHLAND PARK MFG. CO.

### (Filed May 14, 1901.)

1. NEGLIGENCE—*Personal Injuries—Master and Servant—Employer and Employee—Damages.*

   Tools of ordinary and everyday use, which are simple in structure, requiring no skill in handling—such as hammers and axes—not obviously defective, do not impose a liability upon employer for injuries resulting from such defects.

2. NEGLIGENCE—*Employer and Employee—Personal Injuries—Damages.*

   An employer is not liable for injuries to an employee occurring upon work done outside of the scope of his employment at request of another employee who had no authority to make the request.

ACTION by J. E. Martin against the Highland Park Manufacturing Company, heard by Judge *W. S. O'B. Robinson,* at January Term, 1901, of the Superior Court of MECKLENBURG County. From a judgment for the defendant, the plaintiff appealed.

*Osborne, Maxwell & Keerans,* for the plaintiff.
*Jones & Tillett, Burwell, Walker & Cansler,* for the defendant.

COOK, J. We find no error in the ruling of his Honor in sustaining the motion of the defendant to dismiss the action, as in case of nonsuit, upon demurrer to plaintiff's evidence. The evidence does not show negligence by defendant or its agent. In endeavoring to put a new "key" in the shaft, in place of the worn or defective one, Webb, the loom-fixer, found it difficult to insert the new one without help. That it did not fit easily was hardly to be expected, from the

MARTIN *v.* HIGHLAND PARK MFG. CO.

fact that its proper use required a tight fit in order to do the work properly.    The one taken out was working loosely, and for that reason plaintiff called his attention to it.    In inserting the new key, the loom-fixer called upon plaintiff, a weaver whose loom had thus gotten out of fix, to hold the hammer upon the key while he, Webb, struck upon that hammer with another, in order to drive the key into the shaft, and while so striking a fragment of steel flew off and struck him in the eye, causing the injury for which he brings this action.

Plaintiff's expert witness testifies that the key *ought* to have been driven in by slight taps from the hammer, but it wasn't.    The fact appears that it required *heavier* blows. But as plaintiff was not injured by the key, he can not maintain his contention that he was injured by its defective formation or excessive size.    But he says he was injured by a piece of steel from the face of the hammer.    Well, then, if defendant furnished its employees with tools known to it to be defective, or by ordinary care and inspection could have known of such defects, and the injury was caused by reason of such defects, then there would have been evidence of negligence to be submitted to the jury.

But was there any apparent defect in the hammer?    Or was there a defect known to the defendant or its agent?    Or was the hammer used in a negligent, careless and unworkmanlike manner?    If such state of facts existed, the plaintiff failed to offer any evidence to prove it.

There is no complication about a hammer; it is not a piece of machinery which requires any attention whatsoever to keep in order; it can not get "out-of-fix," unless the handle breaks; it requires neither art, science nor skill in its use; brawn and muscle do the work, and it is known to be one of the most harmless of all tools to the person using it.    Should a flaw or other patent defect exist, it would more certainly appear to the person undertaking to work with it, whose duty it would be to make it known to his employer.    Should a latent defect

exist, it could not be known by the closest inspection either to employer or employee, and for injury on that account legal responsibility would rest upon no one, and would be the misfortune of the sufferer. Whether properly tempered, can only be ascertained by its use, and not by inspection. Whether the dents were made by the use at the time of the injury, or resulted from long and violent service, does not appear; nor do they seem to have been discovered until after the injury occurred.

Surely, it can not be seriously contended that every employer is responsible for injuries occurring from improperly tempered axes, hoes, scythes, trace-chains, lap-links, bridle-bits, etc., the imperfections of which could not be known till used; or for defective whiffle-trees, axe-helves, hoe-helves, hand-spikes, plow-lines, and such like (the defects of which would be first discovered by the party using them), unless the employer is shown to have had knowledge of such defects. If such be the rules of law, then the contentment of the farmer must give place to anxiety and dread lest injury, resulting to a servant from a splintered hoe-helve or hand-spike, defective bridle-bit, whiffle-tree or plow-line, *et id simile,* may at any time occur, and sweep from him his farm and belongings in compensation of the damage done. To the same experience would the contractor expect to be subjected, should a defective nail, while being driven by one of his carpenters, break and do injury. To which doctrine we can not subscribe.

Injuries, resulting from events taking place without one's foresight or expectation, or an event which proceeds from an unknown cause or is an unusual effect of a known cause and therefore not expected, must be borne by the unfortunate sufferer, which seems to us to be the condition of the plaintiff in this case. For an injury caused by an inevitable or unavoidable accident while engaged in a lawful business, there

is no legal liability. Black's Law and Practice in Accident Cases, section 8.

In *Mulligan v. Crimmins*, 82 N. Y., 578, it is held, where a piece of metal (spicula) was forced from a chisel by a blow of a heavy sledge and struck plaintiff in the eye, putting it out, does not raise a presumption of negligence in the absence of proof that the chisel, before the blow was struck, was in a dangerous condition, still less that a reasonable examination would have disclosed the danger.

In *Georgia Railroad v. Melms,* 83 Ga., 70, where the injury was caused by the breaking of a hammer, it was held that the hammer appearing to be first-class, the plaintiff could not recover for injury caused by some latent defect. To the same effect is the case of *Carlton v. Phoenix Co.,* 132 N. Y., 273.

In *Wachsmuth v. Electric Co.,* 118 Mich., 275, where a chip from a snap-hammer struck plaintiff and injured him, it is held that the duty of inspection by the master of appliances used by servants does not extend to small and common tools in everyday use, of the fitness of such for use the servants using them may reasonably be supposed to be better judges than the master. To the same effect is *Hopkins v. Burnett,* 19 S. W. R., and other cases cited by defendant's counsel in their brief.

In the case at bar there is no evidence that any defect in the hammer was known to exist either by the plaintiff or defendant, nor is there any evidence to show that its condition was such as to incite an inquiry or suspicion.

No negligence in inflicting the injury appearing upon the part of the defendant, the defence of contributory negligence does not require our consideration. Contributory negligence presupposes negligence, and can exist only as a co-ordinate or counterpart. When the defendant has exercised every possible care and caution, negligence fails to exist, and an in-

jury resulting, it must occur only by the negligence of the plaintiff, which can not be considered contributory but original negligence.   We then come to consider the third contention of the plaintiff—that his injury was caused by being ordered to do dangerous work outside of the scope of his employment.   It appears that plaintiff was not employed by Webb, the loom-fixer, but by the superintendent, whose duty it was to employ help and discharge it.   The loom-fixer's business was to fix looms when they got out of order and see that the weavers kept at work, and not to employ or discharge. Before calling upon plaintiff, Webb had secured the assistance of one Little, but he left and returned to his work; then plaintiff was called upon.   To assist the loom-fixer was not within the scope of his employment, and he knew that Webb had no authority to put him to doing any work other than that of weaving.   Under this state of facts, as appears from plaintiff's testimony, Webb did not stand in the place of the master, but, if it had been otherwise, the defendant would not be liable unless the outside work was more dangerous and complicated for the plaintiff to perform than that in which he was engaged.   "The liability upon the master in cases of injury to a servant received in a dangerous employment *outside* of that from which he is engaged, arises not from the direction of the master to the servant to depart from the one service and engage in the other more dangerous work, but from failure to give proper warning of the attendant danger in cases where the danger is not obvious, or where the servant is of immature years and unable to comprehend the danger." Bailey's Personal Injuries Relating to Master and Servant, volume 2, section 3462a; *Cole v. Chicago, etc., R.,* 71 Wis., 114; 5 Am. St. Rep., 201.

In the case at bar there is no evidence to show that there was less risk and danger in weaving than in holding the hammer for Webb to strike; nor was there any evidence to

show a latent defect in the hammer which was known to Webb or the master, or by reasonable diligence could have been discovered. There being no such evidence, his Honor properly sustained the demurrer and nonsuited the plaintiff.

No error.