DOMPIER *v.* LEWIS.

1. PERSONAL INJURIES—EVIDENCE—RES GESTÆ.

Where plaintiff was injured by a hammer he was using, what was said immediately after the injury, about the hammer or about the work, by a fellow workman to whom the hammer belonged, was not part of the *res gestæ.*

2. TRIAL—WITNESSES—CROSS-EXAMINATION.

The circumstances must be exceptional to justify a party in cross-examining his own witness.

3. PERSONAL INJURIES—EVIDENCE.

In an action for injuries caused by a chip flying from a hammer, opinion evidence as to the length of time the hammer had been in the process of chipping was inadmissible.

4. SAME—INFANTS—LIABILITY OF MASTER—INSTRUCTIONS TO JURY.

In an action for injuries caused by a chip flying from a hammer, an instruction that, if boys of plaintiff's age (*i. e.,* 17) would not appreciate the danger of using such a hammer, defendant owed the duty of giving warning, but, if the danger was such as would naturally be apprehended by boys of plaintiff's age, he assumed the risk, was sufficiently favorable to plaintiff.[1]

5. SAME—INSPECTION OF TOOLS.

Where a hammer, the property of a servant, was purchased from a reputable dealer, the master did not owe a fellow workman the duty of inspecting it.

Error to Wayne; Hosmer, J. Submitted January 30, 1902. (Docket No. 111.) Decided June 24, 1902.

Case by Alfred L. Dompier, by next friend, against Henry B. Lewis, for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*Oscar M. Springer* (*T. E. Tarsney,* of counsel), for appellant.

*Edwin F. Conely* and *Orla B. Taylor,* for appellee.

[1] As to duty of master to instruct and warn his servants as to perils of employment, see note to *James* v. *Lumber Co.,* (La.) 44 L. R. A. 33.

MONTGOMERY, J.    This is an action for negligent in-
jury.    The plaintiff, at the time of receiving the injuries
in question, was 17 years of age, and was employed in the
defendant's machine shop as a helper to a mechanic.
While so employed he picked up a hammer in use by one
Mr. Smith, under whom he was working, and undertook
to pound down a seam in a piece of galvanized iron piping.
A chip from the hammer flew, struck him in one of his
eyes, and resulted in the loss of the sight of the eye.    The
plaintiff testified that he had never used this hammer
before, and that he was not acquainted with, and had no
knowledge of, the temper of tools.    The testimony shows
that the hammer belonged to Mr. Smith; that it was pur-
chased by him of a reputable firm; and the testimony was
in conflict as to whether the hammer had previously
chipped, or whether the face was smooth at the time plain-
tiff undertook to use it.    Smith testified that he had no
recollection of instructing the plaintiff to use the hammer;
that it was not his practice to dircet a helper to do any-
thing of that kind.    Under the instructions given by the
circuit judge, hereinafter referred to, the jury rendered a
verdict for the defendant.    The plaintiff brings error.

Error is assigned upon the refusal of the court to permit
the following question, put to the plaintiff:    "State what
Mr. Smith said to you about this hammer or about the
work."    By the previous course of the examination, it is
made to appear that this question related to the time im-
mediately after the plaintiff received his injury, and it is
contended that this was a part of the *res gestæ.*    We think
there was no error in excluding this testimony.    The in-
jury had already occurred.    It became a matter of narra-
tion, and was not even narration of the incident, but of
the cause which led to the incident.    We think the ques-
tion was within the ruling of this court in *Andrews* v.
*Mining Co.,* 114 Mich. 375 (72 N. W. 242); *Michigan
Cent. R. Co.* v. *Coleman,* 28 Mich. 440.

Error is also assigned upon the exclusion of a question
put to the witness Smith, who was plaintiff's own witness,

131 -MICH.—10.

which, it is said, was put for the purpose of refreshing his recollection. But the question was more in the nature of a cross-examination of the plaintiff's own witness as to statements made out of court, and the occasion for such an inquiry is not made manifest by the record.

Error is also assigned upon a so-called hypothetical question, said to have been calculated to bring out the time the hammer had been in the process of chipping. It is so manifest that this is a matter of opinion that we do not pause to discuss it.

The circuit judge submitted the case to the jury upon the question of whether the defendant owed a duty to this plaintiff to warn him of the danger from the use of a hammer such as this in question. The instruction upon this point was as follows:

"You have heard the testimony, and it is for you to say, in the first place, as I say, if you believe that the hammer was in the same condition as it is now— If boys of 17, or boys of his age, have not sufficient experience to appreciate the danger which would arise from using a hammer of this description, then I think you may find— you should find—that it became the duty of Mr. Lewis to warn those who came into his employment of the danger which they might naturally apprehend. In other words, if a boy of 17 would not appreciate the fact that a hammer which is chipped would chip again, and that there was danger coming from the chipping of a hammer, then he should be told of it before, and instructed not to use a hammer of that description. If, however, it is a thing that he should apprehend, and that boys of his class would naturally apprehend, then it was obviously one of those risks, I think, which he took upon him in entering upon this employment; and it is for you to say whether he owed that duty to the boy, or whether he did not."

We think this instruction sufficiently defined defendant's duty in the case. The plaintiff contends that it was the duty of defendant to furnish safe tools and appliances. But we are of the opinion that the case comes within *Wachsmuth* v. *Electric Crane Co.*, 118 Mich. 275 (76 N. W. 497), and that it must be held that the duty of in-

spection of these smaller tools is not a duty owing by the master to the workman, where, as in this case, it appears that the hammer was purchased from a reputable firm when bought, and that it was the property of a fellow workman. We think the instruction of the circuit judge sufficiently favorable to plaintiff.

A motion for a new trial was made, but it presented no questions requiring additional discussion. We think no error was committed in refusing a new trial.

The judgment will be affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.