OF THE

'STATE OF IOWA

AT

DES MOINES, SEPTEMBER TERM, A. D. 1905.

AND IN THE FIFTY-NINTH YEAR OF THE STATE.

---

JOSEPH W. LYNN, Appellant, v. THE GLUCOSE SUGAR RE-
FINING CO.

**Master and servant:** NEGLIGENCE OF MASTER: DEFECTIVE TOOLS. It is
only where the machinery or tools furnished by the master
are recognized as dangerous for the employé to use, or work
in proximity with, that the master owes a duty to the employé
of looking after his safety. Evidence held insufficient to show
negligence of the master in furnishing plaintiff's fellow work-
man with a steel hammer used in breaking lump coal.

501

*Appeal from Marshall District Court.*— HON. G. W. BURN-
HAM, Judge.

FRIDAY, SEPTEMBER 22, 1905.

ACTION to recover damages for injuries received by
plaintiff while in defendant's employ, resulting, as alleged,
from defendant's negligence. At the close of plaintiff's evi-
dence the court, on motion of defendant, directed a ver-
dict in its favor, and the plaintiff appeals. *Affirmed.*

*T. F. Bradford,* for appellant.

*Binford, Snelling & Farber,* for appellee.

McCLAIN, J.— Plaintiff at the time of the injury was
acting as one of the firemen in the boiler room of defendant's
factory at Marshalltown, and while thus employed he re-
ceived an injury in one eye which destroyed its sight. The
evidence tends to show that this injury was occasioned by the
flying into the eye of a bit of steel and some particles of
coal, occasioned by the act of a fellow workman in breaking
lump coal with a steel sledge or hammer. There is no evi-
dence that the flying of the particles of coal was due to any
negligence chargeable to the defendant, but the evidence
tended to show that the bit of steel which inflicted the most
serious injury, and probably occasioned the loss of the sight
of plaintiff's eye, slivered off from the steel hammer, which
was made from a piece of soft steel shafting; that sledges or
hammers of this kind were provided for the use of the work-
men by defendant's superintendent or foreman; and that if,
instead of this kind of sledge or hammer, defendant had fur-
nished its workmen with hammers or picks made of tool
steel and properly tempered, there would have been less
danger that particles would sliver off and fly to the peril of
the workmen. It was also alleged, and there was evidence
tending to prove, that the sledges or hammers, as above de-

scribed, in use by defendant's employés in breaking coal, had become battered and worn, and had remained in that condition for such length of time that defendant was chargeable in the exercise of ordinary care with knowledge thereof. There is no evidence, however, that the battered and worn condition of the hammers or sledges rendered them any more dangerous in respect to the flying off of slivers of steel than they were when first constructed; and the only evidence of the slivering of the particular hammer, from the use of which the accident is claimed to have resulted, indicated that a bit of steel flew out of the end of the hammer, leaving a fresh break or surface. The only ground of negligence, then, on which plaintiff could rely, was the furnishing by defendant to its workmen of sledges or hammers of soft steel, such as is used in shafting, instead of hammers made of tool steel and properly tempered; for there is no evidence that it was negligence on the part of defendant to allow coal to be broken up with the head of the sledge or hammer, instead of with a pick or the sharp point of such an implement as the witnesses described as in general use for the purpose of breaking coal. In other words, the complaint of plaintiff was with regard to the material of which the hammers or sledges were constructed, and not of their worn and defective condition, or of their shape, or the method in which they were allowed to be used.

Now the evidence as to the difference between soft steel such as is used in shafting and properly tempered tool steel simply indicated a greater probability of the slivering off of bits thereof from soft steel than from the tool steel. It did not indicate that the danger of such slivering off from soft steel was such as to render it negligence to furnish hammers or sledges of soft steel for the breaking of lump coal. The evidence tending to show that hammers of tempered tool steel were usually used did not indicate in any way that such hammers were usually used for that purpose because the use of such implements made of soft steel was regarded

as dangerous.   It appears that much of the coal used in defendant's boiler room was steam coal and did not require breaking, but that sometimes lump coal was used, which must be broken for firing.   If it had appeared that defendant allowed its employés to use a wooden maul for this purpose, and a sliver of wood from the maul had injured an employé, it would not have been enough, in order to indicate the negligence of the defendant, to show that it was more likely to splinter than steel, and that the usual implement for breaking lumps of coal was a steel sledge rather than a wooden maul.   It would be necessary that the evidence should go further, and indicate such recognized danger in using an implement such as was not ordinarily in use for the purpose, in order to charge the defendant with negligence in permitting such use.   It is only machinery and appliances which are recognized as in their nature dangerous to employés using them, or working in proximity to them, as to which the employer owes a duty to the employé of looking out for his safety.   *Wachsmuth v. Shaw Electric Crane Co.,* 118 Mich. 275 (76 N. W. Rep. 497) ; *Marsh v. Chickering,* 110 N. Y. 396 (5 N. E. Rep. 56) ; *Miller v. Erie R. Co.* (Sup.), 47 N. Y. Supp. 285 ; *Georgia R. R. & Banking Co. v. Nelms,* 83 Ga. 70 (9 S. E. Rep. 1049, 20 Am. St. Rep. 308) ; *Martin v. Highland Park Mfg. Co.,* 128 N. C. 264 (38 S. E. Rep. 876, 83 Am. St. Rep. 671) ; *Talley v. Beever,* Tex. Civ. App. (78 S. W. Rep. 23).

This case, so far as the evidence for plaintiff shows, may be well considered as close to the boundary line between accident and negligence; but we are satisfied that the cause of the injury was not anything which it was the duty of the defendant to anticipate and prevent, if it might have been prevented in the exercise of reasonable care, but was one of those uncertain happenings as to which every one must take his chances.

The judgment is therefore *affirmed.*