JOHN M. DUNN v. SOUTHERN RAILWAY COMPANY.

(Filed 18 November, 1909.)

**Master and Servant—Negligence—Defective Tools—Ordinary Use— Accident.**

When in the ordinary and everyday use of a tool, simple in structure, an injury is caused an employee by a defect in it, which was not observed by him after working with it for several hours, the employer is not liable in damages by reason of the defect alone; and when an injury was thus caused to the plaintiff by the unexpected flying off of a striking-hammer used by another in striking a riveting-hammer held by him while riveting bands together in the course of his employment, the employer is not responsible in damages for plaintiff's resultant injury.

APPEAL by defendant from *Jones, J.,* August Term, 1909, of SURRY.

The following issues were submitted by his Honor to the jury, and responded to by them as set out:

1. "Was plaintiff injured by the negligence of defendant, as alleged in the complaint?" Answer: "Yes."

2. "What damage, if any, has plaintiff sustained?" Answer: "Seven hundred and fifty dollars."

From the judgment rendered upon the verdict the defendant appealed to this Court.

The only evidence at the trial was the testimony of the plaintiff, examined in his own behalf, and was as follows: "I am the plaintiff. On 14 January, 1908, I was a member of the bridge force and was engaged in work for the Southern Railway, under A. C. Wall as foreman. We were building a bridge over Mulberry Creek, in Wilkes County. Thomas Hendrix and I were instructed by our foreman to take a piece of iron up to the blacksmith shop in Wilkesboro and rivet it together where it was broken. To do this we spliced it on either side with a piece of iron and had holes drilled through for rivets. There were nine rivets to be put through. After dinner we began driving the rivets in, and after putting in three or four, some of them would not fit and would have to be cut out, and it was while fixing the last rivet, about 5:30 in the afternoon, that I was hurt. The rivets would be heated red-hot and placed through the rivet holes, and I would hold over the end of the rivet what is known as a rivet set, or dollie, this being used to make a head on the rivet, so it would hold. The rivet set is something like a two-pound sledge hammer, only in one end of the hammer there is a cavity, which is placed down over the end of the rivet, and the other end of the hammer part is struck by a heavy hammer in the hands of another man, which makes a head on the rivet. The handle to the rivet set is about 18 inches long. I was holding the handle of the rivet set, and Thomas Hendrix, another employee of the defendant, was striking the rivet set with an eight-pound sledge hammer, the handle of which was 2½ feet long. While in the act of striking the rivet set of the last rivet, just as the hammer came over Hendrix's shoulder, it flew off the handle and struck my hand, hitting an awful lick and badly bruising it, fracturing one of the bones. The hammer that Hendrix was using we took with us from the bridge that morning. It belonged to the defendant. It was in use when I went on the bridge force, in August preceding the time I was hurt, and had been in use ever since. It was in general use on the force. It was my left hand that was injured. I have not been able to use the hand since. All of my fingers, except my thumb, are now stiff. It hurts me to-day. It pains me in the joints. Not a day since it was injured that it does not hurt. Some time after I received my injury, I made a statement to Mr. Nottingham, law agent of the defendant, in which I described the occurrence as follows: I had not noticed the condition of the hammer before, and I do not know what caused it to come off the handle. We had been using that same hammer, more or less, every day. This was the first time it had given any trouble at all. So far as me and Hendrix was concerned, it was an accident. I don't know who

is to blame, but I think the company ought to do the right thing by me."

At the conclusion of the evidence, defendant moved the court for judgment as of nonsuit.   Motion overruled, and defendant excepted.

*W. L. Reece* and *John H. Dobson* for plaintiff.
*Manly & Hendren* for defendant.

MANNING, J., after stating the case: The decision of this Court in *Martin v. Mfg. Co.,* 128 N. C., 264, is directly in point and is conclusive of this case.   "Tools of ordinary and everyday use, which are simple in structure and requiring no skill in handling—such as hammers and axes—not obviously defective, do not impose a liability upon employer for injuries resulting from such defects."   The testimony of the plaintiff himself excludes every idea of obvious defects.   The hammer which occasioned the injury to him had been used by him and Hendrix from about 1 P. M. to 5:30 P. M., and they were engaged in fixing the last rivet when the injury occurred.   "Injuries resulting from events taking place without one's foresight or expectation, or an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected, must be borne by the unfortunate sufferer."   *Martin v. Mfg. Co., supra; Lassiter v. Railroad,* 150 N. C., 483, and cases cited.

We think that his Honor should have granted the motion to nonsuit.   The judgment is reversed and the case remanded, that the judgment of nonsuit may be entered.   There is

Error.