EDWARD L'HOUX *vs.* UNION CONSTRUCTION COMPANY.

Androscoggin.    Opinion September 22, 1910.

*Master and Servant.    Assumption of Risk.    Evidence.*

1.  Employees in the prosecution of their work must exercise their senses and reasoning faculties for the discovery of the risks attending their employment, and, unless they stipulate otherwise, they assume the risks such exercise would reveal to them.

2.  That the testimony of a witness is not contradicted by any other witness does not authorize a finding based on such testimony when the testimony is so contrary to common knowledge and experience as evidently to be untrue.

3.  The danger to be apprehended from the breaking off and flying about of bits of steel from the point of a small steel cold chisel held against an iron surface and struck hard with a seven pound hammer is so obvious that an employee of mature years and of experience in the use of steel drills must be held to have appreciated the danger, even against his testimony that he did not.

On motion by defendant.    Sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff while in the employment of the defendant. The plaintiff claimed that the injuries were caused by reason of a defective cold chisel, furnished by the defendant, and which he the plaintiff undertook to use under the direction and with the assistance of an agent of the defendant, for the purpose of cutting an iron pipe of the defendant, and that in the course of the operation the chisel broke and a piece of the same flew into his eye, causing the injuries complained of.    Plea, the general issue.    Verdict for plaintiff for $2,000.    The defendant then filed a general motion for a new trial.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Bisbee & Parker, and Newell & Skelton*, for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, JJ.

EMERY, C. J. The plaintiff's version of the reception of the injury for which he seeks to recover compensation is substantially as follows : — He was in the employ of the defendant company in the construction of a system of water works for supplying a town with water, etc., and while in such employ, a Mr. Reed whom the plaintiff supposed to have authority, and who appeared to have authority, from the defendant to do so, came to the plaintiff at the tool house, selected a small steel "cold chisel" and a seven pound striking hammer, and directed the plaintiff to take those tools and go with him to cut off some iron pipe. The plaintiff did so without objection. On reaching the place, Mr. Reed held the chisel upon the pipe and directed the plaintiff to strike the head of the chisel with the hammer. The plaintiff struck a first blow "not very hard" and then a second blow "pretty near" as hard as he could. As a result of the second blow a fragment broke off the point of the chisel and flew up into his eye.

There was no evidence that the chisel or the hammer was visibly imperfect or that the chisel was improperly held for the plaintiff to strike upon it, or that the plaintiff was directed to strike so hard. The only proposition upon which the plaintiff bases his claim for compensation is that Reed was negligent in selecting so small a chisel and so heavy a hammer. In answer it is contended by the defendant that the danger of breakage in striking so heavily with such a hammer upon such a chisel placed against an iron pipe was so obvious that the plaintiff must be charged with knowledge of it, that the plaintiff alone was responsible for striking so hard as to break the point of the chisel and hence must be held to have assumed the risk.

It appears from the plaintiff's own testimony that he was 37 years old ; that he had worked for 17 years in the construction of water works, railroads, etc ; that he had used a striking hammer on a steel drill every year when there was blasting to do ; that he knew steel drills used on stone hammered down on top and sometimes broke off at the point; that he had this chisel made from a piece of steel he took to the blacksmith. He saw clearly the kind of hammer and the kind of chisel proposed to be used.

It would seem to be a matter of common knowledge that when steel hammers are struck with great force upon steel chisels or drills held against iron surfaces, chips or particles of steel are liable to break off from the chisel as well as from the hammer or the iron surface and fly up and about.   Especially would it seem that a man of the plaintiff's age, experience, opportunities for observation, and knowledge of the liability of the steel drills to break off at the point when held against stone, would know there was such danger when such a chisel was held against iron and struck so hard with a seven pound hammer.   If this were all that appeared in the evidence, there would be no question that the plaintiff assumed the risk of the consequences resulting from this heavy blow, under the familiar rule that a servant, if he does not stipulate otherwise, assumes such risks in his employment as are known to him or would be known to him by the exercise of ordinary observation and forethought.   *Golden* v. *Ellis*, 104 Maine, 177.

But the plaintiff further testified that he in fact did not know that in striking as hard as he did with that hammer upon that chisel held against the iron pipe there was any danger or liability of bits of steel breaking off from the chisel and flying about.   His counsel argues that that testimony warranted the jury's finding that he did not assume the risk.   Despite his assertion to the contrary, however, it is so clear that he must have known the danger or liability had he been, as it was his duty to be, ordinarily observant and thoughtful, the jury's finding, resting as it does on that assertion alone, cannot be sustained.   We must assume that he was ordinarily observant and caretaking, since such was his duty.   Workmen are not excused from the exercise of their senses and reasoning faculties, and, unless they stipulate otherwise, they assume the risks that such exercise would reveal to them.

*Motion sustained.*
*Verdict set aside.*