# Ruger, Appellant, *v.* Coatesville Boiler Works.

*Negligence—Master and servant—Boiler works—Steel hammer— Defective tools—Insufficient evidence—Nonsuit.*

In an action by an employee against a boiler works to recover for the loss of an eye while engaged in putting a head on a steel boiler, a compulsory nonsuit was properly entered where it appeared that while plaintiff was driving a pin with a large steel hammer in the customary manner for performing the work, with which he was familiar, a splinter from the pin struck him in the eye; but where there was no evidence that either the pin or hammer which was heavier than that ordinarily used by plaintiff, was defective or not suited for the nature of the work.

Argued Feb. 6, 1917. Appeal, No. 384, Jan. T., 1916, by plaintiff, from order of C. P. Chester Co., Jan. T., 1916, No. 91, refusing to take off nonsuit, in case of Tony D. Ruger v. Coatesville Boiler Works. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

HAUSE, J., filed the following opinion sur plaintiff's motion to take off the nonsuit:

On July 2, 1915, plaintiff, an employee of the defendant, was injured while engaged in putting a head in a large steel boiler. To accomplish this work he was re-

quired to use steel pins and hammers of different weights. On the day named, while performing the work assigned to him and finding the boilerhead slightly large for the boiler in which it was to be placed, one Crouse, his foreman, directed him to drive steel pins between the rim of the boilerhead and the boiler, and, as this could not be accomplished by the use of a small hammer, he directed him to use and he did use a larger one.

This was the usual and customary manner of performing this work; the plaintiff was entirely familiar with the method and the operation and had headed many boilers, prior to the day of the accident, in the same manner except that he had not theretofore used a hammer so heavy as the one he was using when the accident happened.

When instructed to use a larger hammer, he demurred, for some reason which did not appear at the trial, whereupon the foreman told him, in substance, that if he did not propose to do the work with the tool he suggested, he should go home.

While striking one of the steel pins with the larger hammer, a small splinter from the pin struck him in the eye and later the eye was removed.

He seeks to recover damages for his injury and bases his right to recover on two grounds:

First, because the defendant was negligent "in coercing and requiring him" to do the work on pain of being discharged.

Second, because the defendant furnished, for the work, improper tools and pins, the latter being defective and were liable to splinter when struck with a hammer.

An employer is not guilty of negligence merely because he insists that his employee shall work. If, however, he or his foreman for him requires the employee to labor with improper and defective tools and appliances or in unsafe places and injury results, liability necessarily follows unless the danger was so imminent that a reasonably prudent person would have avoided it: Lee v. Dobson, 217 Pa. 349; Porter v. Wilson, 62 Pa. Superior Ct.

254 RUGER, Appellant, *v.* COATESVILLE B. WORKS.

Opinion of Court below—Opinion of the Court. [257 Pa. 339; Ignash v. Murphy, Cook & Co., 249 Pa. 223; Broski v. Phœnix Iron Co., 62 Pa. Superior Ct. 305.;

The difficulty with the plaintiff's case, however, was that there was not a scintilla of testimony to show that either the steel pin or the hammer was imperfect. Nor was there a suggestion that the use of a heavier hammer, to accomplish the object sought, was not entirely proper. The plaintiff lost his eye as the result of an accident wholly unforeseen and against which, so far as the testimony shows, no human foresight could have provided.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off.

*Error assigned* was in refusing to take off the nonsuit.

*W. S. Harris,* for appellant.

*A. M. Holding,* for appellee.

PER CURIAM, March 19, 1917:

This judgment is affirmed on the opinion of the learned court below denying the motion to take off the nonsuit.