No. 8717.

WROUGHT IRON RANGE COMPANY *v.* ZEITZ.

1. MASTER AND SERVANT—*Master's Duty to Inspect Machinery.* The rule requiring the master to inspect the machinery used by the servant has no application to simple tools, the condition of which is as evident to the servant as to the master, e. g., an ordinary hammer which the servant provides for his own use.

2. —— *Order to Servant Construed.* An order as to a particular matter construed not to change the established method of work.

*Error to Denver District Court, Hon. Geo. W. Allen, Judge. En banc.*

Messrs. MILTON SMITH, CHARLES R. BROCK, W. H. FERGUSON, JOHN P. AKOLT, for plaintiff in error.

Messrs. WILLIAM H. DICKSON, CHARLES C. WELCH, FOREST L. NICOL, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error obtained a judgment against the plaintiff in error for damages alleged to have resulted from its negligence. The parties will be designated as they were below.

The plaintiff, at the time of the accident, was about 17 years of age, and had been for some 22 months an apprentice of the defendant. While he was engaged in straightening the rim of a kettle, a piece of steel broke from a hammer which he was using, and pierced one of his eyeballs.

The case was tried, as the instructions show, upon the third cause of action. The negligence therein charged is, first, that the defendant negligently, through its foreman, informed the plaintiff that a hammer, furnished by plaintiff and given to the foreman for inspection, was proper and safe to be used by the plaintiff in the work assigned him, when, as a matter of fact, it was unsafe and unsuitable for such work; second, that the defendant, through its foreman, negligently and carelessly ordered and directed the plaintiff to lay aside a wooden hammer which he was using, and use in its place a steel hammer, thereby causing him to use one steel hammer against another, in the straightening of the rim or edge of a certain pot or kettle.

It is alleged that the chipping of the hammer was due to the use of the two hammers, as above stated.

The court gave the jury the following instructions:

"1. The plaintiff by the third cause of action of his amended complaint charges that he lost his left eye and was seriously and permanently injured while in the employ of the defendant, through the negligence of the defendant in the following particulars:

First: That the defendant negligently and carelessly, by and through its foreman, informed the plaintiff that the hammer furnished by the plaintiff and given to the said

foreman for inspection was a proper, safe and suitable hammer to be used by the plaintiff in the work assigned him by the defendant, when as a matter of fact said hammer was unsafe, improper and unsuitable for such work.

Second:  That the defendant through its foreman negligently and carelessly ordered and directed the plaintiff to lay aside the wooden hammer which he was using in his left hand and to use in place thereof a steel hammer, thereby using one steel hammer against another, in the straightening of the copper rim or edge of a certain pot or kettle.

These in brief are the items of negligence specified and it is necessary for you to find one or both of them existed, and was the proximate cause of the injury to the plaintiff, before you can render a verdict for the plaintiff."

The verdict is general, and it is impossible to say upon which of the two negligent acts charged it was based. Hence, unless it appears that a right of recovery on both grounds was established, the judgment cannot stand.

The first ground is that the defendant was negligent in the approval of a defective hammer, such approval having been made by its foreman, it being assumed that the defendant owed that duty to plaintiff.

The question whether or not the foreman was a vice principal, though argued at length, need not be determined, because we are of the opinion, on both reason and authority, that the defendant was under no duty to inspect the plaintiff's hammer.

It has many times been held that the duty of inspection of machinery which a master owes to his employee applies only to those instrumentalities which are of such character as to prevent a ready recognition of inherent dangers, or defects, and does not apply to such simple tools as hammers, axes, saws, etc., the condition of which is as evident to the servant as to the master. *Ill. Steel Co. v. Mann,* 170 Ill., 200, 48 N. E. 417, 40 L. R. A. 781, 62 Am. St. 370; *Meader v. L. S. & M. S. Ry. Co.,* 138 Ind. 290; 37 N. E. 721, 46 Am. St. 384; *Marsh v. Chickering,* 101 N. Y.

396, 5 N. E. 56; Thompson on Negligence, Vol. 4, § 4707 and 4708.

In *Webster Mfg. Co. v. Nisbett,* 205 Ill. 273, 68 N. E. 936, it was held that a servant, injured by using a defective hammer, has no claim on his employer by reason thereof, although the latter knew of the defect, and had promised to remedy it. In *Lynn v. Glucose Co.,* 128 Iowa 501, 104 N. W. 577, it was held that the master owed a duty to his employes to look out for their safety in respect only to machinery and appliances which are recognized as in their nature dangerous to those using them, and that a hammer was not such an instrument.

*Koschman v. Ash,* 97 Minn, 312, 108 N. W. 514, 110 Am. St. 372; *Dompier v. Lewis,* 131 Mich. 144, 91 N. W. 152, and *Golden v. Ellis,* 104 Me. 177, 71 Atl. 649, all involving injuries from the use of hammers, are to the same effect. In Labatt's Master and Servant, in the notes to § 924a, the author has collected a large number of cases holding simple tools not to come within the reason of the rule which requires inspection of tools and appliances.

The distinction above suggested does not appear to have received serious attention in the cases cited to the contrary by the defendant in error, and in some of them it is not even noticed. In each of those cases the tool was furnished by the master.

In this case we are not called upon to go farther than to hold that a master is under no duty to inspect an ordinary hammer which the servant provides for his own use.

As to the second ground of negligence, it is to be noted that there is no evidence that the defective hammer was ever approved for use with another steel hammer. The plaintiff testified that, when he came into the shop, he was told to use a hammer and a wooden mallet, and did so for 22 months.

The approval of the hammer, even if that were the act of a vice principal in the discharge of a duty to plaintiff, did not cover its use with another hammer. It is not shown that the order, given two days before the accident,

to use two steel hammers, was made with knowledge that the plaintiff was then using the defective hammer. Neither does it appear that it was a continuing order. The plaintiff testified that "two or three days before the accident the foreman came along and said I could not make a job that way—I would have to use two steel hammers to make a job out of it." He was then using a hammer, and a mallet, as he was told to do on beginning his apprenticeship, and as he had done ever since that time.

The statement that "he could not make a job out of it," shows clearly that the order related to the particular job upon which plaintiff was then employed. That kettle may have presented some difficulty in its repair by the use of a mallet and a hammer which justified the order, but in the absence of any other evidence it is altogether unlikely that the order changed the established method of doing work of that kind.

Since the judgment must be reversed, it is unnecessary to discuss the other errors alleged. The judgment is reversed.

*Judgment reversed.*

Mr. Justice Allen not participating.

Decided December 3, A. D. 1917. Rehearing denied February 4, A. D. 1918.