## Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Burton.

(Decided April 18, 1919.)

### Appeal from Pulaski Circuit Court.

1. Master and Servant—Assumption of Risk—Simple Tools.—An ordinary hammer being a simple tool, any defect therein or resultant

effect from its use being as obvious to the servant as to the master, the risk of danger incident to its use is assumed by the servant.

2. Master and Servant—Assumption of Risk—Simple Tools.—In the use of simple tools the master assumes no additional liability for accident to the servant by directing him to continue in the use of such tools, though he does so with knowledge of their defective condition.

O. H. WADDLE & SONS and JOHN GALVIN for appellants.

WM. CATRON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellee was injured by a flying sliver or splinter striking his eye and destroying his vision. He was employed at appellant's shops near Somerset, Kentucky. At the time of the injury he was attempting, through the use of an ordinary hammer, to drive a bushing from a brake hanger. He claims he was doing the work in the manner directed by the company's foreman.

Appellee had been an apprentice machinist for about three and one-half months, and prior to that time he had been a machinist's helper. According to his testimony he had assisted in driving out from 75 to 100 bushings, but in each of these instances a sledge hammer was used, the work being done by two men instead of one.

He bases his cause of action on the fact that the foreman did not furnish him sufficient help and negligently directed him to drive the bushing out in an improper way. It is also in evidence that a pair of goggles had been furnished appellee, the use of which would have prevented the injury, but he contends it had not been the custom to use goggles in the removal of bushings. That particles of steel are likely to fly when two metals are brought together seems self-evident, appellee's theory being that these slivers are not so likely to fly when the sledge hammer and punch are used, the punch being of softer metal and not case hardened.

The case was submitted to a jury and a judgment returned in favor of the appellee against the company and its foreman.

Many defenses relied upon are urged as grounds for reversal, among others the simple tool doctrine. There is a recognized distinction between a master's duty and liability to a servant in the use of complicated or dangerous tools, and in the use of so-called simple tools.

In the use of the latter the non-liability of the master is grounded on the fact that any defect in a simple tool or the resultant effects of its use must be so obvious to a person of ordinary intelligence that the risk of danger incident to such use must be held to be assumed by the servant.

An ordinary hammer is one of the most simple of tools. There is no complication about a hammer; it is not a piece of machinery which requires any attention whatsoever to keep in order; it cannot get out of fix, unless the handle breaks; it requires neither art, science, nor skill in its use; brawn and muscle do the work, and it is known to be one of the most harmless of all tools to the person using it.

It is a matter of common knowledge that when a steel hammer is used with great force upon other steel implements, small chips or scales are liable to break off and fly from one implement or the other, and hence danger therefrom is an ordinary risk. Bailey on Per. Inj., sec. 370; Thompson on Negligence, secs. 4707, 4708; Labatt's Mas. & Ser., sec. 914a.

The simple tool doctrine, as a defense, has been upheld in this state in the following cases: (ladder) Duncan v. Gernert Bros. Lumber Co., 27 R. 1039; (rail cutter) Langhorn v. Wiley, 28 R. 1186; (shovel) Stirling Coal & Coke Co. v. Fork, 141 Ky. 40; (iron rod) Flaigs v. The Andrews Steel Co., 141 Ky. 391; (sledge hammer and T-rail cutter) Ohio Valley Riv. Co. v. Copley, 159 Ky. 38; (claw bar and spike maul) Hoskins v. L. & N. R. R. Co., 167 Ky. 665; (axe) Consolidated Coal & Coke Co. v. Music, 178 Ky. 790; (tie pick) Turkey Foot Lum. Co. v. Wilson, 182 Ky. 42; (spike maul and chisel T-rail cutter) Donahue v. L. H. & St. L. Ry. Co., 183 Ky. 608.

In the cases below cited, various kinds of hammers, backing hammer, riveting hammer, hand hammer, sledge hammer, snap hammer, bolt hammer, etc., have been classed as simple tools: Georgia R. R. v. Brooks, 84 Ala. 138; 4 Sou. 289; Wrought Iron Range Co. v. Zeitz (Col.), 170 Pac. 181; Baker v. Western & Atlantic R. Co., 68 Ga. 699; Buasco v. Wells Bros. Co., 167 Ill. App. 574; Webster Mfg. Co. v. Nisbett, 205 Ill. 273, 68 N. E. 936; Amer. Car & Foundry Co. v. Fess, 53, Ind. App. 136, 101 N. E. 18; Lynn v. Glucose Sugar Ref. Co., 128 Iowa 501, 104 N. W. 577; Wiggins v. Standard Oil Co., 141 La. 532, 75 Sou. 232; Golden v. Ellis, 104 Me. 177, 71 Atl.

649; Edward L'Houx v. Union Cons. Co., 107 Me. 101, 77 Atl. 636; Rawley v. Collins, 90 Mich. 31, 51 N. W. 350; Wachsmuth v. Shaw Elec. Co., 118 Mich. 275; Dompier v. Lewis, 131 Mich. 144; Koschman v. Ash, 98 Minn. 312, 108 N. W. 514; Rahm v. C. R. I. & P. Ry., 129 Mo. App. 679; Martin v. Highland Park Mfg. Co., 128 N. C. 264, 38 S. E. 876; O'Hara v. Brown Hoisting Mach. Co. (Pa.), 171 Fed. 394, 96 C. C. A. 350; Ruger v. Coatsville Boiler Wlks., 257 Pa. 252, 101 Atl. 639; Mo. Pac. Ry. v. Hill, 3 Tex. App. Cov. Cas., 454; H. S. Hopkins Bridge Co. v. Burnett, 85 Tex. 16, 19 S. W. 886; Meyer v. Ladewig, 130 Wis. 566, 110 N. W. 419.

Appellee seeks to avoid the effect of the simple tool doctrine, so thoroughly and firmly established in this and other jurisdictions; because (1) he was attempting to remove the bushing in the manner directed by the company's foreman; (2) he was not given a safe place within which to work and (3) it was work that should have been done by two men; in other words, he was required to do the work in an improper way.

As to a servant overtaxing his strength in attempting to perform a task given him, it is held in Harris v. C. N. O. & T. P. Ry. Co., 176 Ky. 846, that the servant is the best judge of his own strength and should not overtax it. See also Sandy Valley & Elkhorn Coal Co. v. Tackitt, 167 Ky. 756. And this court has expressly held that in the use of simple tools, the master assumes no additional liability for accidents to the servant, by directing him to continue the use of such tools, though he does so with knowledge of their defective condition. As said in Turkey Foot Lumber Co. v. Wilson, *supra*, "If the tool and the uses to which it is devoted are so simple that any defects in the tool or dangers in its use are equally and obviously apparent to both the master and the servant, and for that reason the master is absolved from the duty of inspection and instruction and the servant assumes the risk of its use, then for the very same reasons the master assumes no additional or new liability by a promise to repair or an assurance of safety because the master possesses no knowledge of the condition of the instrument or any danger from its use not equally possessed by the servant, and cannot be said to be guilty of any negligence of which the servant is not likewise guilty."

To the same effect is Stirling Coal & Coke Co. v. Fork, *supra,* involving an injury due to the defective handle of a shovel. Having discovered the defect the appellee Fork told the foreman he did not want to use the shovel, whereupon the foreman told him to go ahead and work with it, that others had been using it and he could do so; that he would get him another one. The court holds that the doctrine protecting a servant working under an assurance that the thing is safe or will be repaired has no application to the facts of that case.

In Donahue v. L. H. & St. L. Ry. Co., 183 Ky. 608, it was sought to avoid the effect of the simple tool doctrine, because the appellant was working under the direction and supervision of the foreman. The court held the facts of that case did not constitute an exception to the general rule and a verdict in favor of the employer was sustained.

In our investigation of the authorities we have found a number of cases from other jurisdictions presenting facts practically identical to those presented by this record, and in which every argument used by the appellee's counsel finds a complete answer.

In Edward L'Houx v. Union Construction Co., *supra,* the employe was directed to strike a chisel with a hammer, and the claim was made that the tools were not suitable for the purpose, and appellee did not know there was any danger from flying bits of steel. In answering these arguments the court says: "It would seem to be a matter of common knowledge that, when steel hammers are struck with great force upon steel chisels or drills held against iron surfaces, chips or particles of steel are liable to break off from the chisel, as well as from the hammer or the iron surface, and fly up and about. Especially would it seem that a man of the plaintiff's age, experience, opportunities for observation, and knowledge of the liability of the steel drills to break off at the point when held against stone, would know there was such danger when such a chisel was held against iron and struck so hard with a 7-pound hammer. . . .

"But the plaintiff further testified that he in fact did not know that, in striking as hard as he did with that hammer upon that chisel held against the iron pipe, there was any danger or liability of bits of steel breaking off from the chisel and flying about. His counsel argues that that testimony warranted the jury's finding

that he did not assume the risk. Despite his assertion to the contrary, however, it is so clear that he must have known the danger or liability, had he been, as it was his duty to be, ordinarily observant and thoughtful, that the jury finding, resting as it does on that assertion alone, cannot be sustained. We must assume that he was ordinarily observant and care taking, since such was his duty. Workmen are not excused from the exercise of their senses and reasoning faculties, and, unless they stipulate otherwise, they assume the risks that such exercise would reveal to them.''

Wrought Iron Range Co. v. Zeitz, *supra*. The appellee, in this case, had his eyes injured by a piece of steel breaking from a hammer, and a recovery was denied. He alleged he had been ordered and directed by the foreman to lay aside a wooden hammer, which he had previously been using, and to use in its place a steel hammer, thereby causing him to use one steel hammer against another in the work he was doing. The chipping of the hammer was due to this fact. And so in the instant case appellee contends that the use of a sledge hammer and a punch would probably have prevented the injury to his eye.

In Hopkins Bridge Co. v. Burnett, *supra*, the injured party complained of the hammer given him and was told to use a riveting hammer, and when he informed the foreman it was too small he was told the hammer was all right, to go ahead, and relying upon these statements, he continued the work, which was that of driving a bolt in making some fastenings on a bridge, and in attempting to do this work, as directed, he was struck by a piece of hammer scale, losing the sight of his eye. A reversal of a judgment for plaintiff was ordered.

Rahm v. C. R. I. & P. Ry. Co., *supra*, The specific negligence alleged in this case was the failure to furnish the plaintiff reasonably safe tools, and that defendant, with knowledge of the defective condition of the tools furnished, negligently required and ordered the plaintiff to do the work in question. Plaintiff complained of the tools given him, but when told it was the only hammer available he accepted it with reluctance. After he had made several efforts to remove the bolt the foreman said to him, ''Hurry up, Frank; go ahead and get it out some way.'' How strikingly similar to the remark ad-

dressed to appellee by the foreman in this case, which was: "I say use the hand hammer and hurry up about it."

But for extending this opinion to an undue length we would quote extensively from this case, where the court, referring to many authorities, discusses all the contentions made by appellee, but we will content ourselves with this single excerpt therefrom: "The doctrine appears to be firmly established by these cases that the servant takes upon himself the risk arising from defective tools, and machinery where, knowing of the defects, he voluntarily continues in service without objection and that where the defective tool is a simple appliance, neither the objection of the servant to using it, nor the promise of the master to repair or replace it will create a liability of the master to respond in damages for any injury caused by such defect."

Ruger v. Coatsville Boiler Works, *supra.* Here the employe demurred when ordered to use a certain hammer, and he was told if he did not propose to do the work with the tool referred to he could go home. While performing the work a splinter from a steel pin stuck him in the eye. He sought damages because the defendant was negligent in furnishing him with improper tools and in requiring him to work on pain of being discharged.

The court affirmed the judgment dismissing the plaintiff's petition. There were no defects or imperfections in the hammer used by Ruger, and so in this case, appellee testifies the hammer he had been using was in good condition.

That plaintiff, a man at least of ordinary intelligence, had worked as an apprentice machinist, and a machinist's helper for a considerable period of time, and had assisted in removing a number of bushings from brake hangers, the tool he was using at the time of the accident being an ordinary hammer, are facts so potent, measured by the authorities cited, as to impel us to hold that the lower court should have directed a verdict in favor of both appellants.

Wherefore the judgment is reversed for further proceedings not inconsistent with this opinion.