THEODORE H. PHILLIPS, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 10, 1929. No. 26835.

*Byron Clark, Jesse L. Root, J. W. Weingarten* and *Julius D. Cronin,* for appellant.

*M. F. Harrington* and *George M. Harrington, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This action was brought under the federal employers' liability act, by one Phillips, to recover damages for an injury received while employed as a section foreman by the Chicago, Burlington & Quincy Railroad Company. The plaintiff recovered a verdict in the lower court, from which the defendant appeals. It is not questioned that this case is controlled by the federal employers' liability act, under which it is brought. Phillips, while employed as above stated, was injured in taking out and replacing a tie in the roadbed of the company. In the performance of this task, he received the injury for which he seeks to recover damages. The company provided, as a tool, a common pick, and while engaged in removing ties from the roadbed the pick slipped out of the tie, and he tumbled over the embankment and struck a snag, which entered his rectum, seriously injuring him.

In a case brought under the federal employers' liability act for damages, there can be no recovery against the employer, unless some act of negligence on the part of the employer be alleged and proved. *Chesapeake & Ohio R. Co. v. Stapleton*, 278 U. S. 585. In the words of that opinion: "The language of the federal employers' liability act shows unmistakably that the basis of recovery is negligence and that without such negligence no right of action is given under this act. *New York Central R. Co. v. Winfield*, 244 U. S. 147; *Erie R. Co. v. Winfield*, 244 U. S. 170." This court has followed this rule laid down by the federal court in numerous cases, notable among which is the case of *Nanfito v. Chicago, B. & Q. R. Co.*, 103 Neb. 577, in which case it is written: "It seems that the federal courts have so construed this act that there is no liability thereunder without proof of negligence of the defendant which was the proximate cause of the injury complained of"—citing *Missouri, K. & T. R. Co. v. Foreman*, 174 Fed. 377; *Seaboard Air Line Railway v. Horton*, 233 U. S. 492.

Since the federal employers' liability act does not contain a definition of negligence, we must determine whether or not negligence exists in this case from the common law, as interpreted and applied in the federal courts, if that interpretation differs from that in the state courts. *New Orleans & N. E. R. Co. v. Harris,* 247 U. S. 367. We cite only a few of the cases upon this question as a basis for discussion of the questions involved in this case. This proposition has been so frequently discussed by the federal courts and this court, and the holdings have so consistently followed without deviation in every case the rule above set out, that we need not labor further with it here.

The question squarely before this court for its determination in this case is whether or not the defendant was negligent in its failure to furnish tie tongs instead of picks for the use of its track-men in removing and replacing ties. The question involved in this case is not that of a defective tool, which was known to the employer to be defective, and was continued in use and the employee injured as a consequence. We must determine whether the furnishing of one tool for the work rather than another was such negligence as would sustain a verdict for the plaintiff. The employer is not bound to supply the best, the newest, or the safest tools to insure the safety of his employees. It is his duty to use all reasonable care and prudence for the safety of his employees, by providing them with machinery and tools reasonably safe and suitable for the use to which they are to be put. In *O'Neill v. Chicago, R. I. & P. R. Co.,* 66 Neb. 638, it was held, quoting from *Titus v. Bradford, B. & K. R. Co.,* 136 Pa. St. 618:

"Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger, but of negligence; and the unbending test of negligence in methods, machinery, and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence

in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way, commonly adopted by those in the same business, is a negligent way, for which liability shall be imposed. Juries must necessarily determine the responsibility of individual conduct, but they cannot be allowed to set up a standard which shall, in effect, dictate the customs or control the business of the community."

It is the duty of the master to furnish his servant with reasonably safe tools. 39 C. J. 308. But—"The rule as to the duty of the master in furnishing the servant with safe tools and appliances does not apply to simple tools in common use and with which the master and servant are equally familiar." 39 C. J. 342. Where the tools or appliances furnished are of a simple nature, easily understood and comprehended, and in which defects can be readily ascertained by persons of ordinary intelligence, the foregoing rule has little application. *Vanderpool v. Partridge,* 79 Neb. 165. Again, in *Lynn v. Glucose Sugar Refining Co.,* 128 Ia. 501, it is said that the rule of law is well recognized that it is the duty of the master to use ordinary care in furnishing reasonably safe tools and appliances for his servants. It is only machinery and appliances which are recognized in their nature as dangerous to employees using them, to which the employer owes a duty to look out for their safety. The injury in this case was unusual and not to have been contemplated as a result of the plaintiff losing his balance and falling over when his pick slipped from the tie. The accident, and the consequent injury, was not occasioned by the dangerous character of the tool employed. The pick is a simple tool which has been in use for such purposes from the time the first railroad was built. It was suitable for the use which was made of it. To permit the jury to compare two tools as simple as the pick and tie tong, and to determine that one was safer than the other and that the failure to furnish the safer tool was negligence on the part of the employer, would be to permit the jury to determine the standard which should govern the duty

of the employer to the employee, and permit them to require the employer to compensate the employee, not because of its negligence, but rather because there was an accident, and as a result thereof the employee was injured. It was an unusual combination of circumstances contributing to the injury. A more unusual chain of circumstances leading to a more unusual injury could not be imagined. The pick slipped, the plaintiff stumbled and fell upon a snag, which struck him and entered his rectum, causing a serious injury. But a serious injury and an unfortunate result to the plaintiff, which is deplorable, cannot be the basis of recovery under the federal employers' liability act.

The plaintiff in this case relies upon the case of *Anderson v. Illinois C. R. Co.,* 109 Ia. 524, and *Chicago & N. W. R. Co. v. Bower,* 241 U. S. 470. In the former case, decided by the supreme court of Iowa in 1899, prior to the enactment of the federal employers' liability act, the plaintiff was required to do work which he was not accustomed to do, and in his seven years employment had not been required to do before. In that case the plaintiff was required to use a tool which was not suitable for the purpose, and which was so recognized. This does not describe the situation here. In the latter case, the court held that there was no question of attributing negligence to the employer for merely failing to install the latest and newest appliance, but that it was the question of not having the latest type of appliance in use, after its discovery and applicability had been demonstrated by experience, and perhaps under conditions little different from those which had obtained when in use before, in the face of notice that it was not reasonably safe and suitable. As applied to this case, it has not been proved that it had been demonstrated that a pick is not a reasonably safe and suitable appliance with which to remove and replace old ties in the railroad, and that the railroad company continued to use said tool, after it had been so demonstrated. This case does not come within the rule therein stated. In *Lynn v. Glucose Sugar Refining Co.,* 128 Ia. 501, the Iowa supreme court

pointed out perhaps more clearly the distinction between those cases and the case at bar. In that case, in order to recover for negligence for failure to furnish one tool for another, the court said, in substance, that it was not enough to establish the negligence of the employer to show that one tool might result in injury, and that the usual tool was different, but that it would be necessary that the evidence should go farther and prove a recognized danger in the use and employment of such as was not ordinarily in use for the purpose, in order to charge the defendant with negligence in permitting such use. "It is only machinery and appliances which are recognized as in their nature dangerous to employees using them, or working in proximity to them, as to which the employer owes a duty to the employee of looking out for his safety."

The federal courts have held that the employer has reasonable discretion in selecting facilities for the use of employees. It is the duty of the master to provide reasonably safe machinery or appliances for the servant to do the work. In making such provision, they are given much freedom of choice, and in the exercise thereof they must use reasonable care and ordinary prudence. *Toledo, St. L. & W. R. Co. v. Allen,* 276 U. S. 165; *Union P. R. Co. v. Marone,* 246 Fed. 916.

The pick which was used by the track-men in this case was not a tool which was recognized as dangerous in its use. It was a simple tool, ordinarily used for the purpose, and the failure of the railroad company to supply tie tongs in place thereof was not such negligence as would justify a recovery by the plaintiff under the federal employers' liability act, and the trial court should not have submitted the question of negligence to the jury. *Chicago, M. & St. P. R. Co. v. Coogan,* 271 U. S. 472.

While other questions are raised by the appellant's brief, their consideration here would be purely academic, since their discussion or determination is not necessary to a decision of this case, in view of the conclusion which we have reached with respect to the question of negligence. Since we have reached the conclusion that the failure of

the railroad company to furnish the parties with a tie tong instead of a pick for their work as track-men is not negligence to sustain a verdict under the federal employers' liability act, the judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.